(27 Misc. Rep. 296.)

### SAMUEL v. ROBERTS et al.

(Oneida County Court.　April, 1899.)

1. LANDLORD AND TENANT—LEASE—FRAUD—DAMAGES.

Where one leased his farm on false statements of the lessees as to their ownership of certain stock and implements, but they never took possession, the lessor could not recover damages for the fraud, he having leased the farm for more than it was worth.

2. SAME—REFUSAL OF POSSESSION—RECOVERY.

A lessor notified the lessees they could not have possession, but afterwards told them, if the stories he had heard of them were not true, they could have possession, and he would investigate.　The lessor satisfied himself the stories were true, but never informed them whether they could or could not have possession.　*Held,* he could not recover for their failure to perform the contract.

Appeal from justice court.

Action by Edward E. Samuel against Edward Roberts and others. There was a judgment for plaintiff, and defendants appeal.　Reversed.

George E. Pritchard, for appellants.

John F. Rogers, for respondent.

DUNMORE, J.　Upon the ground that plaintiff was induced by fraudulent representations to enter into a contract for leasing the farm and cows to defendants, there is no evidence to sustain a recovery for $50 damages.　The undisputed evidence shows that the farm was let for more than it was worth, so that plaintiff was not

injured by entering into the contract. The only other ground upon which the recovery can be sustained is upon the second cause of action, in which plaintiff alleges the making of the contract, and that defendants refused to perform. Plaintiff notified defendants, before the time for the performance of the contract, that they could not have the farm. That notice relieved the defendants of any liability for nonperformance. It was notice, practically, to them that the plaintiff would not permit them to take possession of the farm, or perform the contract. Plaintiff contends, however, that that notice was subsequently withdrawn, and that by reason of the withdrawal of that notice the parties were left in the same position as to the contract as if no notice had been given to defendants that they could not perform. The evidence, however, does not show a withdrawal of the notice. Plaintiff testified as follows: "I told him, if the stories were not true, they could have the farm; that I would investigate further about the story. He said, 'I am glad to have you do it.'" It appears from the evidence that plaintiff made investigation, and satisfied himself that the stories were true, and that the defendants would not be desirable tenants, but it does not appear that he thereafter notified defendants either that they could or could not have the farm. The notice, therefore, given by plaintiff to defendants, that they could not have the farm, stood to all intents and purposes. Defendants had a right, after receiving that notice, to understand that they would not be permitted to take possession under the contract, unless they received notice to the contrary; and no such notice was given. I do not, therefore, see how plaintiff can recover from defendants damages for not doing what he had previously notified them he would not permit them to do. The judgment cannot, therefore, be sustained upon either cause of action alleged in the complaint. For the reason given, the judgment must be reversed, with costs.

Judgment reversed, with costs.